# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWIN DUIJNEVELD, )<br>　　*Petitioner*, )<br>　　v. )<br>UNITED STATES OF AMERICA, )<br>　　*Respondent*. ) | Misc. No. _____ |

### PETITION TO QUASH SUMMONS DIRECTED TO BANK OF AMERICA, N.A.

COMES NOW, Petitioner Edwin Duijneveld ("Petitioner" or "Mr. Duijneveld"), by and through undersigned counsel, seeking to quash a third-party summons (the "Summons") (attached as Ex. A)[1] directed to Bank of America, N.A. ("Bank of America"), stating as follows:

### PRELIMINARY STATEMENT

1.  Petitioner is a former attorney who practiced law before the Courts in Aruba, a constituent country of the Kingdom of the Netherlands. While no longer admitted to practice, Mr. Duijneveld, nevertheless, still retains obligations under the law of Aruba to maintain client confidences under the Aruba version of the attorney-client privilege. *See* Ex. B (Affidavit of Peter Michael Eugene Mohamed, Esq.). Both Petitioner and Mr. Mohamed both maintain that the information sought is protected by the attorney-client privileged.

2.  Petitioner seeks an order in the form attached hereto quashing the Summons and preventing the release of documents by Bank of America which will violate the attorney-client privilege under the law of Aruba.

---

[1] The Summons begins on page 5 of Ex. A. The account numbers identified in the Summons have been redacted to protect Mr. Duijneveld's privacy. Pages 1 to 4 of Ex. A make up the "Notice" that was sent to Petitioner.

## JURISDICTION

3. Petitioner is filing this Petition to Quash (this "Petition"), and this Court has jurisdiction, pursuant to Internal Revenue Code §§ 7609(b)(2) and 7609(h)(1).

4. Petitioner has timely filed this Petition—specifically, within 20 days of when the Summons was mailed to Petitioner.[2]

## PARTIES

5. Petitioner is a citizen of the country of Aruba. Petitioner's address is Sabana Liber 42D, Oranjestad, Aruba. Petitioner may be contacted by U.S. Mail or email at the offices of undersigned counsel.

6. Respondent is the United State of America, acting through the Internal Revenue Service (the "IRS"). Respondent's address in the Summons is Internal Revenue Service, 7850 SW 6th Court, MS 4685, Plantation, Florida 33324, Attention: Sandra Trias. Pursuant to Paragraph 10 of the Notice, a copy of this Petition is being mailed by certified mail to the IRS at the foregoing address. Additionally, pursuant to Paragraph 9 of the Notice, a copy of this Petition is being served on The Honorable David C. Weiss, United States Attorney ("USA Weiss") for the District of Delaware, pursuant to Fed. R. Civ. P. 4(i)(1)(A)(i), by hand delivery to USA Weiss' office at Hercules Building, U.S. Attorney's Office, 1313 N. Market Street, Wilmington, Delaware 19801.

7. Bank of America, the summoned person, is a national bank doing business within the District of Delaware. Bank of America's address as listed in the Summons is Bank of America, N.A. Legal Order Processing, P.O. Box 15047, Wilmington, Delaware 198050-5047. Pursuant to

---

[2] The "Notice" (page 1 of Ex. A) is dated September 30, 2019. Because the 20th day fell on Sunday, October 20, 2019, the deadline for a response is today, October 21, 2019. *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Paragraph 10, a copy of this Petition is being mailed by certified mail to Bank of America at the foregoing address.

## LEGAL ARGUMENT

8. On September 30, 2019, the IRS issued the attached Summons to Bank of America seeking "documents pertaining to" a specific account, "**and any other bank or investment accounts** owned, controlled by, or under the signature authority of, **EDWIN DUIJNEVELD and ADRIANA PATRICIA SANCHEZ RESTREPO** (including any private banking activities associated with the accounts)." *See* Ex. A at p. 6.  The Summons lists four detailed categories of the types of documents sought.

9. Mr. Duijneveld was an attorney admitted to practice in Aruba, but currently does not practice law.  Mr. Duijneveld currently works as a union legal advisor in Aruba.

10. The Summons that was issued by the IRS seeks documents pursuant to Article 4 of the U.S.-Aruba Tax Income Exchange Agreement (the "Tax Agreement").  *See* Ex. C (Press Release, dated Sept. 14, 2004, "Tax Information Exchange Agreement between United States and Aruba Enters Into Force").  Under the Tax Agreement, the IRS is seeking the production of documents from Bank of America to be provided to Aruba.

11. However, the production of such information would violate the attorney-client privilege as recognized by the law of Aruba.  As detailed in the affidavit submitted by Peter Michael Eugene Mohamed, an attorney at law admitted to practice in Aruba with knowledge of the matter, Mr. Mohamed states that:

    a. Mr. Duijneveld was an attorney at the Law Office of Audax Legal in Aruba where Mr. Mohamed was the managing-director;

    b. The account in question was used by Mr. Duijneveld as a "quality account or third party account" (*kwaliteitsrekening* or *derdenrekening*) which Mr. Mohamed equates with an escrow account;

    c. The money in the escrow account came from the sale of a beer factory in the Dominican Republic to then-parent company of Budweiser;

    d. The money in the escrow account was managed for a client who sought to avoid the conversion of currency into Aruba currency, only to have to convert such funds back to foreign currency for purposes of completing transactions outside of Aruba; and

    e. The client was elderly and had suffered from strokes making travel to the United States not possible, leading to the request that Mr. Duijneveld handle the funds for the client.

Ex. B.

    12. Most importantly, according to Mr. Mohamed, under the law of Aruba, "[t]his account should therefore be protected by [the] attorney-client privilege." Because the IRS is seeking to provide the information to the taxing authority in Aruba, and this information would be privileged under the law of Aruba, Petitioner seeks an order quashing the Summons. Petitioner hereby gives notice pursuant to the Fed. R. Civ. P. 44.1 that he is raising this issue about a foreign country's law.[3]

---

[3] While this Court and the Third Circuit have dealt with issues involving IRS summonses of attorney trust accounts (*see, e.g.*, *Gannet v. First Nat'l State Bank*, 546 F.2d 1072 (3d Cir 1976) and *Deng v. United States*, 2015 U.S. Dist. LEXIS 78804 (D. Del. June 18, 2015), the question here is different: Here, the attorney trust account is being held by a non-U.S. attorney subject to a privilege under the law of a foreign country. The fact that the IRS is acting to aid the Government of Aruba raises the thorny question whether the IRS can obtain this information in violation of the law of Aruba. Petitioner contends that it cannot.

13. Petitioner specifically raises the defense of the attorney-client privilege under the law of Aruba and seeks an order quashing the Summons. *See* Fed. R. Civ. P. 45(e)(2) (providing protection from disclosure of privileged communications).

## CONCLUSION

For the reasons stated herein, the Petition to Quash should be granted.

Dated: October 21, 2019                               **HALLORAN FARKAS + KITTILA LLP**

*/s/ Theodore A. Kittila*
Theodore A. Kittila (No. 3963)
James G. McMillan, III (No. 3979)
5803 Kennett Pike, Suite C
Wilmington, Delaware 19807
Tel: (302) 257-2011
Fax: (302) 257-2019
Email: tk@hfk.law
           jm@hfk.law

*Attorneys for Petitioner*